Gerald D. Shupe-Roderick, Plaintiff *pro se*
Post Office Box 1653
Cheyenne, WY 82003-1653
Voice (307) 514-0174
Fax (307) 222-0322
E-mail: gdroderick@aol.com

Ryan W. Dupree, Plaintiff *pro se*
Post Office Box 1653
Cheyenne, WY 82003-1653
Voice (307) 514-0174
Fax (307) 222-0322
**FOR THE PLAINTIFFS**

Case 2:10-cv-00166-ABJ   Document 1   Filed 08/13/10   Page 1 of 12

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

AUG 13 2010

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **GERALD DAVID SHUPE-RODERICK,** and **RYAN W. DUPREE,** | )<br>)<br>) **DOCKET NO.** 2:2010-CV-_166_-F |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| **DAVID FREUDENTHAL,** Governor, State of Wyoming; **BRUCE A. SALZBURG,** Attorney General, State of Wyoming; **DEBBYE BALCAEN-LATHROP,** Laramie County Clerk, State of Wyoming; **DR. BRENT D. SHERARD,** Director, Wyoming Vital Statistics, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## CIVIL COMPLAINT

Plaintiffs' Gerald D. Shupe-Roderick and Ryan W. Dupree, each *pro se*, complain of Defendants' and allege:

## INTRODUCTION

1. More than thirty (30) years ago, the Supreme Court of the United States recognized that "[m]arriage is one of the 'basic civil rights of man,' fundamental to our very existence and survival." *Loving v. Virginia*, 388 U.S. 1, 12 (1967). But today, as a result of Wyoming State Statute § 20-1-101, et seq., the State of Wyoming denies its gay and lesbian residents access to marriage by providing in its state law that only a civil marriage "between a man and woman" is "valid or recognized in Wyoming." Wyoming State Statute § 20-1-101. Furthermore, Wyoming does not even offer same-sex unions or domestic partnerships. This unequal treatment of gays and lesbians denies them the basic liberties and equal protection under the laws that are guaranteed by the Fourteenth Amendment to the United States Constitution.

2. For these reasons, Plaintiffs' ask this Court to enjoin, preliminarily and permanently, all enforcement of Wyoming Statute § 20-1-101 and any other Wyoming statutes, ordinances or laws that seek to exclude gays and lesbians from access to civil marriage.

## JURISDICTION AND VENUE

3. This case raises questions under the Constitution of the United States and 42 U.S.C. §1983, and thus, this Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants' reside in the District of Wyoming. Venue is also proper in this Court because a substantial part of the events giving rise to the claim occurred in this district.

## NATURE OF DISPUTE

5. This action is brought pursuant to 42 U.S.C. § 1983 and seeks (1) a declaration that Wyoming Statute § 20-1-101, which denies gay and lesbian individuals the opportunity to marry civilly and enter into the same officially sanctioned family relationship with their loved ones as heterosexual individuals, is unconstitutional under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and (2) a preliminary and permanent injunction preventing the Defendants from enforcing that provision against Plaintiffs.

6. Plaintiffs Shupe-Roderick and Dupree are gay individuals in a committed relationship. This couple desires to express their love for and commitment to one another by getting married and obtaining official sanction for their family from the State of Wyoming. But, Wyoming Statute § 20-1-101 denies them that right in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

7. To enforce the rights afforded by the United States Constitution, Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief against the enforcement of Wyoming State Statute § 20-1-101. Plaintiffs' also seek to recover all their attorneys' fees, costs, and expenses incurred in this action and any other relief that this Court may order.

## **THE PARTIES**

8. Plaintiff Gerald David Shupe-Roderick is a Wyoming citizen and resides in Laramie County, Wyoming.

9. Plaintiff Ryan W. Dupree is a Wyoming citizen and resides in Laramie County, Wyoming.

10. Defendant David Freudenthal is the Governor of the State of Wyoming. In his official capacity, the Governor is the chief executive officer of the State of Wyoming. It is his responsibility to ensure that the laws of the State of Wyoming are properly enforced. The Governor maintains an office in Cheyenne, Wyoming.

11. Defendant Bruce A. Salzburg is the Attorney General of the State of Wyoming. In his official capacity, the Attorney General is the chief legal officer of the State of Wyoming. It is his duty to see that the laws of the State of Wyoming are uniformly and adequately enforced. The Attorney General maintains an office in Cheyenne, Wyoming.

12. Defendant Debbye Balcaen-Lathrop is the Registrar-Recorder/County Clerk for the County of Laramie. Balcaen-Lathrop is responsible for maintaining vital records of marriages, issuing marriage licenses, and performing civil marriage ceremonies.

13. Defendant Dr. Brent D. Sherard is the Director of the Wyoming Department of Health and, as such, is the State Registrar of Vital Statistics of the State of Wyoming. In his official capacity, the Director of the Wyoming Department of Health is responsible for

prescribing and furnishing forms for the application for license to marry, the certificate of registry of marriage including the license to marry, and the marriage certificate.

## FACTS

14. Gay and lesbian individuals have faced a long and painful history of societal and government-sponsored discrimination in this country. Although their sexual orientation bears no relation to their ability to contribute to society, gays and lesbians have been singled out for discriminatory treatment. They have faced unconstitutional criminal penalties for private sexual conduct between consenting adults, harassment, hate crimes, and discrimination in employment and many other areas. They have even been the subject of laws stripping them of rights afforded to all other citizens.

15. Beginning in the 1970's, gays and lesbians began to seek change and equality through the legislative processes in many states, including Wyoming. Unfortunately, that effort was met with resistance from those who would deny them equal treatment. For example, several same-sex couples sought marriage licenses in the mid-1970's from the county clerks in several Wyoming counties, but their applications were denied. Then, in 1977, the Wyoming Legislature enacted Wyoming Statute § 20-1-101, which defined marriage as "a personal relation arising out of a civil contract between as a man and a woman, to which the consent of the parties capable of making that contract is necessary."

16. Nonetheless, gays and lesbians continued to press for the recognition of their right to equal treatment and were successful in making some gains. However, gays and lesbians have still

been unable to make headway in gaining the right to marry, or in the alternative, the right to a domestic partnership through the legislative process.

17. Since 1977, same-sex couples have been denied marriage licenses on account of Wyoming Statute § 20-1-101.

18. Wyoming Statute § 20-1-101 has created a legal system in which civil marriage is restricted solely and exclusively to opposite-sex couples, and in which gay and lesbian individuals are denied the right to enter into a civil marriage with the person of their choice. The inability to marry denies gay and lesbian individuals and their children the personal and public affirmation that accompanies marriage.

19. Plaintiffs' are gay and lesbian residents of Wyoming who are involved in a long-term, serious relationship with a same sex partner and desire to marry one another.

20. On August 09, 2010 Plaintiffs Shupe-Roderick and Dupree applied for a marriage license from Defendant Balcaen-Lathrop, the Laramie County Clerk, but were denied because they are a same-sex couple.

21. As a result of Wyoming Statute § 20-1-101, Plaintiffs are barred from marrying the individual they wish to marry and are instead left only with the separate-but-unequal option of domestic partnership.

22. Plaintiffs' inability to have their relationship recognized by the State of Wyoming with the dignity and respect accorded to married opposite-sex couples has caused them significant hardship, including but not limited to the deprivation of rights guaranteed by the

Fourteenth Amendment and severe humiliation, emotional distress, pain, suffering, psychological harm, and stigma. Marriage is a supremely important social institution, and the "freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men." *Loving v. Virginia*, 388 U.S. 1, 12 (1967). Each day that Plaintiffs are denied the freedom to marry, they suffer irreparable harm as a direct result of Defendants' violation of their constitutional rights.

23. If Wyoming Statute § 20-1-101 is not enjoined, Defendants' will continue to enforce this unconstitutional law against Plaintiffs', thereby depriving them of their constitutional rights under the Fourteenth Amendment. The declaratory and injunctive relief sought by Plaintiffs, on the other hand, will require Defendants Balcaen-Lathrop and Sherard to revise the official state forms for the application for license to marry, the certificate of registry of marriage including the license to marry, and the marriage certificate, and will require Defendant Balcaen-Lathrop to issue the Plaintiffs a marriage license. The relief sought also will require Defendants Freudenthal and Salzburg to recognize the Plaintiffs' marriage as valid within the State of Wyoming.

## CLAIMS FOR RELIEF

### *CLAIM ONE: DUE PROCESS*

24. Plaintiffs' incorporate herein by reference paragraphs 1 through 23, *supra*, as if fully set forth herein.

*Shupe-Roderick and Dupree vs. Freudenthal, et al.*
Civil Complaint
7

25. Wyoming Statute § 20-1-101 violates fundamental liberties that are protected by the Due Process Clause, both on its face and as applied to the Plaintiffs and how it is applied to all gay and lesbian couples.

26. Wyoming Statute § 20-1-101 impinges on fundamental liberties by denying gay and lesbian individuals the opportunity to marry civilly and enter into the same officially sanctioned family relationship with their loved ones as opposite-sex individuals. For example, by denying those individuals the same "marriage" designation afforded to opposite-sex couples, and instead allowing them access only to the separate and differently named "domestic partnership" relationship, the State of Wyoming is stigmatizing gays and lesbians, as well as their children and families, and denying them the same dignity, respect, and stature afforded officially recognized opposite-sex family relationships.

### *CLAIM TWO: EQUAL PROTECTION*

27. Plaintiffs' incorporate herein by reference paragraphs 1 through 26, *supra*, as if fully set forth herein.

28. Wyoming Statute § 20-1-101 violates the Equal Protection Clause of the Fourteenth Amendment, both on its face and as applied to Plaintiffs'.

29. Wyoming Statute § 20-1-101 restricts civil marriage to individuals of the opposite sex; gay and lesbian individuals are therefore unable to marry the person of their choice. Thus, Wyoming law treats similarly situated people differently by providing civil marriage to heterosexual couples, but not to gay and lesbian couples. Instead, Wyoming law affords them

and their families only the separate-but-unequal status of domestic partnership. Even if domestic partnership provided all of the tangible benefits and privileges of marriage, it still would be unequal because of the intangible, symbolic difference between the designation "marriage," which enjoys a long history and uniform recognition, and the different and unequal institution of "domestic partnership," which is a recent and manifestly unequal creation, Gays and lesbians are therefore unequal in the eyes of the law, and their families are denied the same respect as officially sanctioned families of opposite-sex individuals. By purposefully denying civil marriage to gay and lesbian individuals, Wyoming's ban on same-sex marriage discriminates on the basis of sexual orientation.

30. The disadvantage Wyoming Statute § 20-1-101 imposes upon gays and lesbians is the result of disapproval or animus against a politically unpopular group. The history of the enactment of Wyoming Statute § 20-1-101 demonstrates that it was a backlash that stripped gays and lesbians of the rights they are entitled to, that of marriage. Accordingly, Wyoming Statute § 20-1-101 violates the Equal Protection Clause of the Fourteenth Amendment because it singles out gays and lesbians for a disfavored legal status, thereby creating a category of "second-class citizens."

31. Wyoming Statute § 20-1-101 also violates the Equal Protection Clause because it discriminates of the basis of sex. It distinguishes between couples consisting of a man and a woman and couples consisting of individuals of the same sex. Thus, the limitation on civil

marriage depends upon an individual person's sex; a man who wishes to marry a man may not do so because he is a man, and a woman may not marry a woman because she is a woman.

### *CLAIM THREE: VIOLATION OF 42 U.S.C. § 1983*

32. Plaintiffs' incorporate herein by reference paragraphs 1 through 31, *supra*, as if fully set forth herein.

33. Insofar as they are enforcing the terms of Wyoming Statute § 20-1-101, Defendants', acting under color of state law, are depriving and will continue to deprive Plaintiffs' of numerous rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

### **IRREPARABLE INJURY**

34. Plaintiffs' incorporate herein by reference paragraphs 1 through 33, *supra*, as if fully set forth herein.

35. Plaintiffs are now severely and irreparably injured by Wyoming Statute § 20-1-101 – a state law that violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. By way of example only, Plaintiffs' injury as a result of Wyoming Statute § 20-1-101 includes the deprivation of rights guaranteed by the Fourteenth Amendment and the severe humiliation, emotional distress, pain, suffering, psychological harm, and stigma caused by the inability to marry the ones they love and have society accord their unions and their families the same respect and dignity enjoyed by opposite-sex unions and families. Plaintiffs' injuries will be

redressed only if this Court declares Wyoming Statute § 20-1-101 unconstitutional and enjoins Defendants' from enforcing it.

36. An actual and judicially cognizable controversy exists between Plaintiffs' and Defendants' regarding whether Wyoming Statute § 20-1-101 violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Defendants' are presently enforcing this state law to the detriment of the Plaintiffs'.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs' pray for judgment as follows:

1. Plaintiffs' respectfully request that this Court, pursuant to 28 U.S.C. § 2201, construe Wyoming Statute § 20-1-101 and enter a declaratory judgment stating that this law and any other Wyoming law that bars same-sex marriage violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment and 42 U.S.C. § 1983.

2. Plaintiffs' respectfully request that this Court enter a preliminary and permanent injunction enjoining enforcement or application of Wyoming Statute § 20-1-101 and any other Wyoming Law that bars same-sex marriage.

3. Plaintiffs' respectfully request costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988, and all further relief to which they may be justly entitled.

DATED this 12th day of August, 2010.

_____
Gerald D. Shupe-Roderick, Plaintiff *pro se*
Post Office Box 1653
Cheyenne, WY 82003-1653
Voice (307) 514-0174
Fax (307) 222-0322
E-mail: gdroderick@aol.com


_____
Ryan W. Dupree, Plaintiff *pro se*
Post Office Box 1653
Cheyenne, WY 82003-1653
Voice (307) 514-0174
Fax (307) 222-0322